WALTER JANOWSKI et al., appellants,

*v.*

JOSEPH PRZEBIEGLEC et al., respondents.

[Decided February 28th, 1921.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Fielder, who filed the following opinion:

"The bill of complaint charges that on April 9th, 1920, the parties to this suit entered into an agreement whereby the defendants agreed to convey certain premises to complainants for a specified consideration, of which $100 was to be paid on the execution of the agreement and the balance on the delivery of the deed; that the agreement was on April 11th, 1920, reduced to writing and on that day signed, sealed, acknowledged and delivered; that three days thereafter defendants notified complainants that they would not carry out the agreement because it was made on Sunday. Complainants pray specific performance of the agreement.

"Defendants now move to dismiss the bill on the ground that it discloses no cause of action and in their notice of motion specify as a reason (among others) that the agreement was executed and delivered on April 11th, 1920, which date fell upon

Sunday, and therefore the agreement is void under the laws of this state.

"The court will take judicial notice that April 11th, 1920, fell on a Sunday. *Reed* v. *Wilson, 41 N. J. Law 29.* It appears from the bill of complaint that the negotiations leading up to the written agreement to convey were conducted and concluded on a secular day, but that the terms were reduced to writing on a Sunday, on which day the written agreement was executed and delivered. The parol agreement made on the secular day is unenforceable, in view of section 5 of the statute of frauds (*Comp. Stat. p. 2612*), and the only agreement which this court might enforce is the written one. It is true that where there has been a partial or full performance of a parol agreement to convey lands, equity may enforce such an agreement, notwithstanding the statute of frauds (*Cooper* v. *Colson, 66 N. J. Eq. 328*), but the bill alleges no partial or full performance, and on the contrary states that on April 14th, 1920, defendants notified complainants they would not perform. Prior to the execution of the agreement on Sunday, the parties had done no more than agree on the terms of a contract which would not be binding on defendants in law, until it was reduced to writing and signed by them, and it was evidently agreed that the parties should meet at a subsequent date and conclude their bargain by executing a written agreement. They met again the following Sunday and on that day concluded the bargain by executing and delivering the written agreement set out in the bill. The written, and not the parol contract, is the one on which complainants must base their cause of action, and because the written contract was made on Sunday, it is unenforceable. *County Engineering Co.* v. *West, 88 N. J. Eq. 109.*

"The bill of complaint discloses no cause of action and the motion will be granted."

*Mr. Seymour J. Solomon,* for the appellants.

*Messrs. Smith & Slingerland,* for the respondents.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion filed in the court below by Vice-Chancellor Fielder.

*For affirmance*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, ACKERSON—15.

*For reversal*—None.